IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MILES ORLANDO LEE,

                                                   ORDER

                  Petitioner,

                                                 08-cv-295-bbc

     v.

WARDEN HOLINKA,

                  Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Petitioner, a prisoner at the Federal Correctional Institution in Oxford, Wisconsin, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He requests leave to proceed <u>in forma pauperis</u>. Although petitioner has supported his request with an affidavit of indigency and a trust fund account statement that covers approximately a two-week period, I cannot determine whether petitioner is indigent for the purpose of filing a § 2241 petition until he submits a trust fund account statement for the six-month period immediately preceding the filing of his habeas corpus petition. <u>See</u> <u>Longbehn v. U.S.</u>, 169 F.3d 1082 (7th Cir. 1999).

      Petitioner's petition was submitted on May 19, 2008. His trust fund account statement should cover the period beginning November 19, 2007 and ending May 19, 2008.

1

Instead, it covers approximately a two-week period beginning March 22, 2008 and ending April 8, 2008.  If petitioner intends to pursue his request to proceed in forma pauperis he will need to submit a supplemental trust fund account statement that covers the missing periods beginning November 19, 2007 and ending March 21, 2008, and beginning April 9, 2008 and ending May 19, 2008.

Once petitioner submits his supplemental trust fund account statement, this court will calculate petitioner's average monthly deposits and his average monthly balances for the six-month period mentioned above.  If 20% of the greater of these two figures is $5 or more, he will not be eligible for indigent status and will have to prepay all of the $5 filing fee.  If 20% of the greater of these two figures is less than $5, he will be required to prepay whatever portion less than $5 has been calculated.

Now that petitioner is aware of the formula this court uses in determining whether a prisoner is indigent for the purpose of paying a $5 filing fee, he may be able to figure easily whether he qualifies.  If he knows that he will not qualify for indigent status, he may elect to submit a check or money order made payable to the clerk of court in the amount of $5 in lieu of the statements requested above.  In any event, petitioner should act quickly.  If, by June 17, 2008, petitioner does not submit either the $5 payment or supplemental trust fund account statements to cover the full six-month period, his request for leave to proceed in forma pauperis will be denied and this action will be closed.

2

ORDER

IT IS ORDERED that petitioner may have until June 17, 2008, in which to submit a supplemental trust fund account statement for the period beginning approximately November 19, 2007 and ending approximately March 21, 2008, and for the period beginning approximately April 9, 2008 and ending approximately May 19, 2008. Alternatively, petitioner may have until June 17, 2008, in which to pay the $5 fee for filing his petition. If, by June 17, 2008, petitioner does not pay the filing fee or submit the required trust fund account statement, the clerk of court is directed to close this case for petitioner's failure to prosecute.

Entered this 27th day of May, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

3