IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MILES O. LEE,

                Petitioner,                            ORDER

        v.                                           08-cv-295-bbc

WARDEN HOLINKA,

                Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Petitioner Miles O. Lee, an inmate at the Federal Correctional Institution-Englewood in Littleton, Colorado, has filed a pleading on forms designed for use by prisoners seeking habeas corpus relief under 28 U.S.C. § 2241.  He requests leave to proceed in the action under the in forma pauperis statute, 28 U.S.C. § 1915.  He also seeks my recusal (Dkt. #9) and leave to amend his pleading (Dkt. #10).

      28 U.S.C. § 144 and § 455 apply to motions for recusal and for disqualification of judges.  Section 144 requires a federal judge to recuse herself for "personal bias or prejudice."  Section 455(a) requires a federal judge to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned," and section 455(b)(1) provides that a judge shall disqualify himself if he "has a personal bias or prejudice concerning a party."  Because

1

the phrase "personal bias or prejudice" found in § 144 mirrors the language of § 455(b), they may be considered together.  Brokaw v. Mercer County, 235 F.3d 1000, 1025 (7th Cir. 2000).

In deciding whether a judge must disqualify herself under 28 U.S.C. § 455(b)(1), the question is whether a reasonable person would be convinced the judge was biased.  Hook v. McDade, 89 F.3d 350, 355 (7th Cir. 1996) (internal quotation omitted).  Recusal under § 455(b)(1) "is required only if actual bias or prejudice is proved by compelling evidence."  Id. Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. Liteky v. United States, 510 U.S. 540, 555 (1994).

Section §144 provides that when a party makes and files a timely and sufficient affidavit alleging that the judge has a personal bias or prejudice either against him or in favor of the adverse party, the judge should proceed no further and another judge should be assigned to the proceeding.  The affidavit is to "state the facts and the reasons for the belief that bias or prejudice exists."  The factual statements of the affidavit must support an assertion of actual bias.  United States v. Balistrieri, 779 F.2d 1191, 1199 (7th Cir. 1985). They must be definite as to times, places, persons and circumstances.  Id.  Only those facts which are "sufficiently definite and particular to convince a reasonable person that bias exists" need be credited.  United States v. Boyd, 208 F.3d 638, 647 (7th Cir. 2000). "Simple conclusions, opinion or rumors are insufficient."  Id.  The court must assume the

2

truth of the factual assertions even if it "knows them to be false." United States v. Balistrieri, 779 F.2d at 1199.

Petitioner Lee has not filed an affidavit stating the facts and reasons for his belief that bias or prejudice exists. He simply contends in his motion that he is "in the process of filing a Judicial Misconduct Complaint on [me] for actions of personal gain by use of a Federal Office and for Racial Discrimination." Thus, he appears to be speculating that if he files a judicial misconduct complaint against me, I will be biased against him. However, petitioner's speculation alone is not enough to support an assertion of actual bias.

Even if petitioner had filed an affidavit stating what he has stated in his motion, his bald assertion that I will be biased or prejudiced against him because he intends to file a judicial misconduct complaint against me is insufficient to convince a reasonable person that I am biased in this case. My only dealings with petitioner have been in the context of this lawsuit and another recently filed suit, Lee v. Holinka, 08-cv-340-bbc. Thus, I can only assume that petitioner's judicial misconduct complaint, if he files one, arises out of rulings I have made in his cases with which he is dissatisfied. In every lawsuit, judges make rulings adverse to one or the other party. That these rulings may be unwelcome and subsequently made the subject of a judicial misconduct complaint or appealed to a higher court is simply too commonplace a circumstance to cause a judge to be biased or prejudiced against the litigant. Because petitioner has failed to present compelling evidence of bias or prejudice,

3

his motion for my recusal or disqualification will be denied.

I turn then to a preliminary review of petitioner's original pleading and his proposed amended pleading, which raise identical claims. In particular, petitioner alleges that the decision where to house him in the federal prison system is being made on the basis of his young age, his race (African American) and his lack of education, in violation of federal laws prohibiting discrimination. In addition, I understand him to be alleging that he is being exposed to second-hand smoke in violation of his Eighth Amendment rights, because prison employees are permitted to bring tobacco products into the prison. These are not claims petitioner can raise in a habeas corpus action.

The injury alleged in a claim, and not the relief sought, determines whether a claim is cognizable in habeas corpus or should instead be brought as a civil action. Clayton-El v. Fisher, 96 F.3d 236, 242 (7th Cir. 1996). Here, even if petitioner proves that he has been subjected to discriminatory practices or suffered exposure to second-hand smoke, he would not be entitled to release or modification of his sentence. The injuries he alleges are claims that must be brought in a civil action pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971), against individuals who are alleged to be involved personally in depriving petitioner of his rights.

The Court of Appeals for the Seventh Circuit has given somewhat mixed signals regarding what district courts should do when a pro se prisoner mislabels his pleadings. In

4

Copus v. City of Edgerton, 96 F.3d 1038, 1039 (7th Cir. 1996), the court stated: A "district court [is] not authorized to convert a § 1983 [or Bivens] action into a § 2254 action. . . . When a plaintiff files a § 1983 action that cannot be resolved without inquiring into the validity of confinement, the court should dismiss the suit without prejudice." However, in Valona v. United States Parole Commission, 165 F.3d 508 (7th Cir. 1998), the court held that the district court had erred in refusing to convert a habeas corpus action into a mandamus action if that was how the suit should have been styled. The court wrote, "If Valona is entitled to a writ of mandamus, then the district court should have provided him that relief in the suit he has filed, rather than requiring him to start over." Id. at 510. See also Williams v. Wisconsin, 336 F.3d 576 (7th Cir. 2003) (considering merits of habeas corpus petition that was brought under § 1983).

One way that these cases can be reconciled is if they are interpreted not as setting forth rigid rules without exceptions but as general guidelines that should be followed when the reasons for doing so are present. In Moran v. Sondalle, 218 F.3d 647, 649 (7th Cir. 2000), the court noted that "[p]risoners may be tempted to choose one route rather than another to avoid limitations imposed by Congress." See also Pischke v. Litscher, 178 F.3d 497, 500 (7th Cir. 1999) (noting different procedural requirements and consequences of § 1983 and habeas corpus statutes as reasons for refusing to convert action).

In this case, petitioner may be attempting to avoid a number of limitations by filing

5

his civil rights claim in a petition for a writ of habeas corpus. The filing fee for <u>Bivens</u> actions is $350 as opposed to $5 for actions brought under 28 U.S.C. § 2241. Further, the requirements for exhausting administrative remedies are much stricter in <u>Bivens</u> suits than in § 2241 actions. <u>Compare</u> <u>Massey v. Wheeler</u>, 221 F.3d 1030 (7th Cir. 2000) (court must dismiss action for failure to exhaust administrative remedies once defendant raises the issue) <u>with</u> <u>Gonzalez v. O'Connell</u>, 355 F.3d 1010, 1016 (7th Cir. 2004) (court may waive exhaustion requirements in § 2241 cases in some circumstances). In habeas corpus actions, the proper respondent is petitioner's custodian, whereas in a <u>Bivens</u> action, a petitioner may proceed against any federal officer who is alleged to have been personally involved in violating his constitutional rights. Finally, actions under <u>Bivens</u> are subject to the 1996 Prison Litigation Reform Act, whereas habeas corpus actions are not. Under the PLRA, the court must not only assess petitioner an initial partial payment of a $350 filing fee, 28 U.S.C. § 1915(a)(2), but it must screen petitioner's complaint before it is served on the respondent and dismiss it promptly if it is frivolous or malicious, fails to state a claim on which relief may be granted or seeks money damages from a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2), and then it must collect the remaining portion of the filing fee from the petitioner's prison account even if his request for leave to proceed with his action is denied, 28 U.S.C. § 1915(b)(2). In addition, if petitioner's complaint is dismissed for one of the reasons listed above, he will earn a "strike" under the three strikes

6

provision of § 1915, § 1915(g). Moreover, in this circuit, the Court of Appeals for the Seventh Circuit has ruled that a prisoner may not "dodge" the fee payment or three strikes provisions in the PLRA by filing unrelated claims against different defendants in one lawsuit. Instead, this court is required to apply Fed. R. Civ. P. 20 and sever any claims against different defendants or sets of defendants that do not arise out of "the same transaction, occurrence, or series of transactions or occurrences" and do not involve a question of law or fact common to all of the defendants. Thus, in petitioner Lee's case, it is doubtful that he will be able to bring his claim regarding his exposure to second-hand smoke in the same lawsuit as his claim that he is being subjected to discrimination.

In sum, although I will not dismiss this case, I decline to convert petitioner's action until he has clarified his intentions. It is possible that petitioner purposely filed a habeas corpus action because he wishes to avoid an action that is subject to the Prison Litigation Reform Act and its many provisions. Therefore, I will give petitioner until September 18, 2008, in which to inform the court in writing whether he wants his case to be treated as a <u>Bivens</u> action or as a petition for a writ of habeas corpus. Petitioner should bear in mind that if he chooses to proceed under § 2241 or fails to respond to this order, I will promptly dismiss the case on the ground that petitioner has not alleged facts entitling him to habeas corpus relief. If he chooses to proceed in a civil action under <u>Bivens</u>, I will allow him an opportunity to amend his complaint to identify the individual respondents who are alleged

7

to have violated his rights, and to explain what they did and when they did it. At that point, I will consider whether petitioner's claims must be severed into separate lawsuits and whether the actions or any part of them must be dismissed at the outset pursuant to § 1915(e)(2).

ORDER

IT IS ORDERED that

1. Petitioner's motion for my recusal or disqualification is DENIED.

2. Petitioner may have until September 18, 2008, in which to inform the court whether he wishes this court to treat his pleading as a petition for a writ of habeas corpus 28 U.S.C. § 2241 or as a complaint in a civil action under <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).

3. If, by September 18, 2008, petitioner fails to respond to this order, I will treat his action as a habeas corpus action and dismiss it for his failure to raise a claim cognizable in habeas corpus.

4. If petitioner advises the court that he wishes his action treated as a <u>Bivens</u> action, his notification must be accompanied by a proposed amended complaint in which he identifies the individual respondents who are alleged to have violated his rights, and to explain what they did and when they did it. At that point, I will consider whether

8

petitioner's claims must be severed into separate lawsuits and whether the actions or any part of them must be dismissed pursuant to § 1915(e)(2).

Entered this 4th day of September, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge