IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MILES O. LEE,

                Petitioner,                                   ORDER

       v.                                              08-cv-295-bbc

WARDEN HOLINKA,

                Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      On May 20, 2008, petitioner Miles O. Lee submitted a pleading in this case that had been written on forms designed for use by prisoners seeking habeas corpus relief under 28 U.S.C. § 2241. In the pleading, he alleged that he had been discriminated against on the basis of his young age, race and lack of education in the decision where to house him within the federal prison system and that he was being deprived of his rights under the Eighth Amendment because he was being exposed to second-hand smoke.

      In an order dated September 4, 2008, I told petitioner that his claims are not claims properly raised in a habeas corpus action. Rather, they are claims that are required to be brought in a civil action pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971), against individuals who are alleged to be involved personally in depriving

1

petitioner of his rights. However, I declined to treat petitioner's action as a <u>Bivens</u> action without petitioner's permission to do so, in light of the fact that <u>Bivens</u> actions are subject to the 1996 Prison Litigation Reform Act and its many provisions that petitioner may have been attempting to avoid. Instead, I asked petitioner to advise this court whether he wished to proceed in a <u>Bivens</u> action or pursue his claims in a habeas corpus action. I cautioned petitioner that if he were to advise the court that he intended to pursue his claims in a habeas corpus proceeding, I would dismiss the action for his failure to allege facts entitling him to habeas corpus relief.

Petitioner has not responded directly to this court's September 4 order. Instead, he has filed a proposed amended petition for a writ of habeas corpus raising the precise claims he raised in his original petition and seeking the following relief.

> 1. Appointment of Counsel for this action.
> 2. That this be the amendment to the original Habeas Corpus Petition filed.
> 3. Federal Employees be temporary [sic] restricted from bringing any tobacco products into any federal prison for personal use until the end of this action.
> 4. That [petitioner] be reclassified accordingly and impartially without retaliation and discrimination.
> 5. That the record reflect that [petitioner is] being constantly put in transit and mail from the courts are not always being sent to [his] correct address, which results in [him] not being able to follow orders from the court in a timely fashion.
> 6. An evidentiary hearing about both issues with me being present with my counsel.

As petitioner's request for relief confirms, he is continuing to seek relief that he may not obtain in a habeas corpus action. Therefore, I construe his revised habeas corpus petition

2

as an implicit statement that he wishes to proceed in a habeas corpus action and that he does not wish his pleading treated as a civil action under <u>Bivens</u>, As I cautioned petitioner, this decision results in swift disposal of his suit. It will be dismissed forthwith for his failure to show that he is in custody in violation of the constitution or laws of the United States.

## ORDER

IT IS ORDERED that petitioner Miles O. Lee's petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 is DISMISSED for his failure to show that he is in custody in violation of the constitution or laws of the United States.

Entered this 25th day of September, 2008.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge