IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MILES O. LEE,

                                                ORDER

                Petitioner,

                                                08-cv-295-bbc

     v.

WARDEN HOLINKA,

                Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On May 20, 2008, petitioner Miles O. Lee submitted a pleading in this case that had been written on forms designed for use by prisoners seeking habeas corpus relief under 28 U.S.C. § 2241. In an order dated September 4, 2008, I told petitioner that his claims were not claims properly raised in a habeas corpus action and advised him to inform this court whether he wished to proceed in a <u>Bivens</u> action or pursue his claims in a habeas corpus action. However, I cautioned him that he if he pursued his claims in a habeas corpus proceeding, I would dismiss the action for his failure to allege facts entitling him to habeas corpus relief. Instead of responding directly to this court's September 4, order, petitioner filed a proposed amended petition for a writ of habeas corpus raising the precise claims he raised in his original petition. Therefore, on September 25, 2008, I dismissed petitioner's petition for a writ of habeas corpus for his failure to show that he is in custody in violation

of the constitution or laws of the United States.

On September 30, 2008, petitioner filed a notice of appeal in the court of appeals. That court has forwarded the notice to this court. Because petitioner has not paid the $455 fee for filing an appeal, I presume he wishes to proceed in forma pauperis. The request will be denied because I must certify that petitioner's appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3).

In Glaus v. Anderson, 408 F.3d 382 (7th Cir. 2005), the Court of Appeals for the Seventh Circuit held expressly that it is proper for a district court to dismiss a § 2241 habeas corpus petition when release from custody is not an available remedy for the wrongs alleged in the pleading. It held as well that the district court is under no obligation to recharacterize the petition as a civil rights complaint in light of the important substantive and procedural differences between the two kinds of suits. From petitioner's notice of appeal, it appears that he wants to challenge my finding that he cannot obtain release as a remedy for his claims that he was exposed to second-hand smoke and subjected to discriminatory practices relating to the use of tobacco products. However, he points to no law supporting his position and does not contend that I erred in interpreting the allegations of his complaint. He appears simply to wish to press an argument that this court should have considered the merits of his claim rather than dismissing his case for his failure to bring the claim in an action under Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971). This is an issue that the court of appeals has already considered and rejected. As much as I understand petitioner's displeasure in learning that he cannot obtain a ruling on the merits of his claim using the vehicle he selected in this case, his appeal of a settled matter is an

appeal that would do nothing more than waste limited juridical resources. Therefore, I certify that petitioner's appeal is not taken in good faith.

If petitioner intends to challenge this court's certification that his appeal is not taken in good faith, he has 30 days from the date he receives this order in which to file with the court of appeals a motion for leave to proceed in forma pauperis on appeal. His motion must be accompanied by a copy of the affidavit prescribed in the first paragraph of Fed. R. App. P. 24(a) and a copy of this order.

ORDER

IT IS ORDERED that petitioner's request for leave to proceed in forma pauperis on appeal is DENIED and I certify that his appeal is not taken in good faith.

Entered this 13th day of November, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge